IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CENTRAL OREGON WILD HORSE COALITION**, **GAYLE HUNT**, and **MELINDA KESTLER**,<br><br>Plaintiffs,<br><br>v.<br><br>**TOM VILSACK**, **RANDY MOORE**, **GLENN CASAMASSA**, and **SHANE JEFFRIES**,<br><br>Defendants. | Case No. 2:21-cv-1443-HL<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on May 12, 2023. Judge Hallman recommended that this Court grant the summary judgment motion filed by Defendants and deny the summary judgment motion filed by Plaintiffs.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection, to which Defendants responded, and with leave of the Court, to which Plaintiffs filed a reply. The Court also reviewed the underlying briefing before Judge Hallman and portions of the administrative record.

As explained by Judge Hallman, this action challenges a new management plan for the Ochoco wild horse herd. Defendants issued a new appropriate management level (AML) of 47 to 57 horses, which is below the previous AML of 55 to 65 horses and would reduce the current herd level by nearly 60 percent. In creating this new AML, Defendants issued an Environmental Assessment (EA), in which Defendants identified the most limiting factor affecting the herd as the winter forage area. Plaintiffs object that Judge Hallman erroneously analyzed the alleged arbitrary and capricious conduct of Defendants in producing the EA and determining the AML.

Plaintiffs first object that Defendants used unreliable data, specifically the 2008 and 2017 surveys, in setting the winter forage area, which is the critical component of the EA and the

reduction in the AML. Plaintiffs also object that Defendants acted in an arbitrary and capricious manner in rejecting Plaintiffs' evidence of horse sightings outside Defendants' calculation of the winter forage range. Judge Hallman, however, explained why the agency's reliance on the 2008 and 2017 surveys and rejection of Plaintiffs' purported contrary evidence was not arbitrary and capricious. The Court agrees with and adopts his reasoning.

Plaintiffs' next object that the reduced count for the herd, the new AML, is itself arbitrary and capricious because Defendants did not properly consider the herd's actual size over the years, the history of the herd's ability to co-exist with other natural resources, and the effect of predation. Plaintiffs contend that Judge Hallman oversimplified Plaintiffs' argument as merely focusing on horse survival, when Plaintiffs are arguing that Defendants have never known until the recent count an accurate count of the horse herd and have not understood how well the horses have co-existed in balance with the other resources Defendants must manage. The Court concludes that Judge Hallman properly addressed this argument and the Court adopts his reasoning.

Plaintiffs further object that Defendants' failure to consider the unique genetic makeup of the herd violates the Wild Horse Act and the National Environmental Policy Act. Plaintiffs contend that the herd is biologically distinct from other wild horse herds and Defendants' plan to reduce the herd to such low numbers, with a plan to interbreed the herd with other wild horse herds every two to four years ignores the unique genetic makeup of the herd as an "island herd." Plaintiffs argue that losing this genetic uniqueness is irreparable harm. Judge Hallman addressed these arguments and the Court adopts his reasoning on these points.

Plaintiffs next object that the statutory triggers requiring an environmental impact statement, versus an EA, have been met. Plaintiffs contend that by removing nearly two-thirds of

the herd, the risks of Defendants' proposed action pose a unique or uncertain risk of causing the herd to go extinct. The herd would be susceptible to mass disasters such as predation, wildfire, and disease. The solution offered of bringing in outside horses raises its own risks, as described in the study provided by Plaintiffs.

Plaintiffs also argue that the action is controversial, particularly relating to bringing in outside horses. Plaintiffs also contend that the genetic uniqueness of the Ochoco herd and a 2019 study further increases the controversy regarding translocation with this herd. Plaintiffs emphasize the need for collecting data prior to removal.

Plaintiffs further argue that this type of decision—where an agency purportedly decides on the end goal and then creates evidence or curates evidence to achieve that end goal—will become precedential if allowed to stand. Plaintiffs argue that a court interpreting and allowing this type of decision to move forward cannot become the standard, where the agency creates an unviable herd and relies on future translocation to save the problem it created.

Judge Hallman addressed all of these arguments by Plaintiffs. Plaintiffs fail to show any error by Judge Hallman, other than that Plaintiffs disagree with the outcome. The Court adopts Judge Hallman's reasoning.

The Court ADOPTS the Findings and Recommendation, ECF 35. The Court GRANTS Defendants' Cross Motion for Summary Judgment, ECF 28, and DENIES Plaintiffs' Motion for Summary Judgment, ECF 27.

**IT IS SO ORDERED.**

DATED this 14th day of November, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER